IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GUY J. SCHNEIDER,                          §
                                           §
              *Plaintiff,*                  §
                                           §
v.                                         §          CIVIL ACTION NO. H-07-2732
                                           §
HARRIS COUNTY SHERIFF'S DEPARTMENT,        §
                                           §
              *Defendant.*                  §

## ORDER

Pending before the Court are plaintiff's *pro se* motions to amend (Docket Entry No. 49), for reconsideration (Docket Entry No. 53), and for appointment of counsel (Docket Entry No. 50).  The Court DENIES these motions for the reasons that follow.

*Motion to Amend Complaint*

Plaintiff moves for leave to amend his complaint to add three new defendants and to seek damages of $1.8 million.  (Docket Entry No. 49.)  This is his sixth request for leave to add these three defendants.  *See* Docket Entries No. 16, 22, 26, 31, 42.  A close examination of the pleadings in this case is necessary for an understanding of the Court's reasons for denying this motion.

In his original complaint filed August 16, 2007, plaintiff complained of use of excessive force during his arrest on August 23, 2005, and named the Harris County Sheriff's

Department as the sole defendant.[1]  The Court ordered service of process on defendant and, on August 24, 2007, notified plaintiff that "No amendments or supplements to the complaint may be filed without prior court approval," and that "A complete amended complaint will be attached to any motion requesting leave to amend."  (Docket Entry No. 4.)

In its answer filed on November 11, 2007, Harris County identified by name and title the three officers involved in plaintiff's arrest.  Plaintiff admitted that not until he received defendant's answer did he realize he needed to name and sue the three officers in their individual capacities.  (Docket Entry No. 49, p. 2.)  Nevertheless, plaintiff did not seek leave to sue the three officers until over three months later, on February 25, 2008.  Shortly thereafter, defendant moved for summary judgment.  On April 3, 2008, the Court denied plaintiff's motion for leave to amend, noting that plaintiff failed to attach a proposed amended complaint, as required by the Court's order of August 24, 2007.  The Court ordered plaintiff to file his proposed amended complaint by April 30, 2008.

On April 14, 2008, plaintiff asked the Court to dispense with the need for a separately-filed amended complaint and simply allow him to attach his motion to the original complaint (Docket Entry No. 22); informal amendments were disallowed by the Court's order of August 24, 2007, which required a proposed amended complaint to accompany any motion

---

[1]As is apparent from the pleadings, the applicable two-year statute of limitations expired on August 23, 2007, one week after plaintiff filed this lawsuit.  *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

for leave to amend.  The Court denied plaintiff's request on April 17, 2008, and ordered the

amended complaint filed as a separate document.[2]

On April 28, 2008, and in direct contravention of the Court's order of April 17, 2008,

plaintiff filed a motion entitled, "Motion for Supplemental Complaint and Explanation of the

Need for the Service Copy to be Mechanically Duplicated and Served on Defendant" (Docket

Entry No. 26), again failing to file a proposed amended complaint.  The Court denied the

motion as moot on May 1, 2008, due to the Court's order of April 3, 2008.  On April 28,

2008, plaintiff filed his own motion for summary judgment, and on May 23, 2008, moved

yet *again* for leave to amend his original complaint (Docket Entry No. 31), without

submitting the previously-ordered proposed amended complaint. On April 28, 2008, plaintiff

filed his own motion for summary judgment.  Not until June 18, 2008, did plaintiff finally

submit a proposed amended complaint, accompanied by a motion for leave to file.  (Docket

Entry No. 42.)  The Court denied the motion as untimely on June 24, 2008.

Despite this chronology, plaintiff now asks the Court to "give him the benefit of the

doubt" and allow him to amend his complaint to add the three defendant officers and request

$1.8 million in damages.  (Docket Entry No. 49.)  Rule 15(a) of the Federal Rules of Civil

Procedure instructs that "leave shall be freely given when justice so requires."  In exercising

its discretion, however, this Court may consider such factors as "undue delay, bad faith or

---

[2]Plaintiff uses the terms "amended" and "supplemental" interchangeably.  Whether a supplemental or amended complaint, the pleading was due as a separately-filed document by April 30, 2008.  Technically, plaintiff was seeking leave to amend, not supplement, his complaint.  *See* Rule 15(d), FED. R. CIV. P.

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Whitaker v. City of Houston*, 963 F.3d 831, 836-37 (5th Cir. 1992).

Plaintiff's actions in the instant case show a clear pattern of delay and repeated failures to file an amended complaint following the granting of leave to amend.  As stated, plaintiff admits he knew on or about November 11, 2007, that he needed to name the three officers as defendants in their individual capacities, yet he did not seek leave to add these defendants until over three months later, on February 25, 2008.  He was granted leave and ordered to file an amended complaint by April 30, 2008, but did not file an amended complaint until June 18, 2008.  During the interim, plaintiff repeatedly requested leave to file non-conforming pleadings against prior Court orders.  Plaintiff had ample time and opportunity to seek leave to add, and to add, the three defendant officers, but failed to avail himself of both time and opportunity.

Although plaintiff states he was "ignorant" of the law and "should be held to lower standards" than a licensed attorney, *pro se* litigants are not held to lower standards regarding knowledge of the law or compliance with court orders.  *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (holding that ignorance of the law, even for a *pro se* petitioner, generally does not excuse prompt filing); *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992) (holding that neither prisoner's *pro se* status nor ignorance of the law constitutes cause for

failing to include legal claim in lawsuit).  Nor may plaintiff shift blame to the Court through his argument that the Court "should have known that he would have wanted to sue the individual officers"; the Court *granted* plaintiff leave to amend.  It was plaintiff's decision thereafter to ignore the Court's order to file a timely and proper amended complaint.

Plaintiff's motion to amend (Docket Entry No. 49) is DENIED.

*Motion for Reconsideration*

In his motion to rectify docket entries (Docket Entry No. 53), plaintiff requests the Court to "rectify Docket Entry No. 22 and/or Docket Entry No. 26."  The Court construes this pleading as a motion for reconsideration of its May 1, 2008, order denying as moot plaintiff's motion for leave to amend.

Leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure should not be denied without a substantial reason, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000).

Here, plaintiff was granted leave to file an amended complaint by April 30, 2008, and was expressly denied leave to staple his letter or motion to his original complaint in lieu of filing an amended complaint.  (Docket Entry No. 24.)  Thus, his April 25, 2008, motion requesting leave to supplement (Docket Entry No. 26), which did not include a separate,

proposed amended complaint, did not constitute a properly amended complaint. Plaintiff did not file a separately-filed amended complaint until June 18, 2008. (Docket Entry No. 42.)

The Court further notes that, although it is not a disputed issue between the parties at this juncture, limitations expired in plaintiff's claims on or about August 23, 2007. Plaintiff was aware of the factual basis for his claims on August 23, 2005, the date of his arrest, and knew, at the latest, by November 11, 2007, the identities of the three individual officers he wanted to add as defendants. As he delayed seeking leave to add the officers as defendants until February 25, 2008, he failed to act diligently in pursuing his claims against them. Accordingly, his claims against the officers in their individual capacities are barred by limitations, and granting leave to add these individuals as defendants would be futile. *See FDIC v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994).

An amendment naming a different defendant will relate back to the date of the original complaint if the claim asserted arose out of the same conduct set forth in the original pleading and the new defendant, within the time provided by Federal Rule of Civil Procedure 4(m), received notice of the filing of the original action so that he would not be prejudiced in presenting a defense on the merits, and the new defendant "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the [new] party." Rule 15(c)(3). Assuming application of Rule 15(c), the record and pleadings in the instant case do not show that the requirements of Rule 15(c)(1)(C) for "relation back of an amendment" are met in this lawsuit.

The motion (Docket Entry No. 53) is DENIED.

*Motion for Appointment of Counsel*

Plaintiff's motion for appointment of counsel to take witness depositions (Docket Entry No. 50) is DENIED.  Both parties filed pending motions for summary judgment, and leave to take depositions has not been granted.  The Court will reconsider the need for discovery depositions should the pending summary judgment motions be denied.

*Conclusion*

Accordingly, the following motions are DENIED: Docket Entries No. 49, 50, and 53.

The Clerk will provide copies to the parties.

Signed at Houston, Texas on October 21, 2008.

Gray H. Miller
United States District Judge